## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

IN RE:

MAMMOTH RESOURCE PARTNERS, INC.                    CASE NO.: 10-11377(1)(11)

                        Debtor(s)

ROBERT W. LEASURE, AS TRUSTEE OF                    AP NO.: 12-01050
MAMMOTH RESOURCE PARTNERS, INC.,
MAMMOTH FIELD SERVICES, INC. AND
MAMMOTH RESOURCES, LLC

                        Plaintiffs

vs.

DANIEL R. NORTHCUTT

                        Defendant

### MEMORANDUM OPINION

This matter is before the Court on the Motion for Partial Summary Judgment of

Plaintiff Robert W. Leasure as Chapter 11 Trustee ("Trustee") for Debtors Mammoth

Resource Partners, Inc., Mammoth Field Services, Inc. and Mammoth Resources, LLC

("Debtors") and the Cross-Motion for Summary Judgment of Defendant Daniel R. Northcutt

("Northcutt"). The Court considered the memoranda of law filed in support of each Motion,

the Responses, the Reply Briefs filed by the parties, and the Court's own research. For the

following reasons, the Court will enter an Order granting partial summary judgment in favor of the Trustee and deny the Motion for Summary Judgment of Northcutt. An Order accompanies this Memorandum Opinion.

## UNDISPUTED MATERIAL FACTS

1. Northcutt is an Officer of Debtor Mammoth Resource Partners, Inc. and a member of Mammoth Resources, LLC ("LLC"). The LLC was the owner of certain oil and gas interests.

2. On or about March 1, 2007, the LLC and Northcutt entered into a Blanket Assignment and Conveyance of Override and/or Working Interest in Oil and Gas ("Assignment") which assigned to Northcutt a portion of certain oil and gas interests. A copy of the Assignment is attached as Exhibit A to Trustee's Motion for Partial Summary Judgment. Northcutt has received funds from the Debtors on account of the interests assigned therein.

3. The Assignment was not filed of record in the books and records of any of the County Clerk's Offices where the oil and gas interests are located.

4. On September 8, 2010, the Debtors each filed Voluntary Petitions seeking relief under Chapter 11 of the United States Bankruptcy Code.

5. On September 9, 2010, this Court entered an Order administratively consolidating the Debtors' cases.

6. On or about June 10, 2011, this Court entered an Order appointing Robert W. Leasure as the Trustee of the Debtors' bankruptcy estate.

7.  On March 28, 2012, this Court entered an Order substantively consolidating the Debtors' cases.

8.  Following a hearing on the Trustee's Emergency Motion for Authority to File Certain Avoidance Actions, the Court entered an Order on August 22, 2012 entering the Trustee's Oral Motion to extend the deadline for filing any avoidance actions to August 21, 2013.

9.  On December 5, 2012, the Trustee filed this adversary proceeding seeking, among other things, to avoid the conveyance evidenced by the Assignment and to avoid the transfer of funds to Northcutt made pursuant to the Assignment.

## CONCLUSIONS OF LAW

Rule 7056 of the Federal Rules of Bankruptcy Procedure, which incorporates Fed. R. Civ. P. 56, provides that the court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  In the case at bar, the Trustee has established that he is entitled to entry of an order granting partial summary judgment on his claim seeking avoidance of the Assignment.  It is also clear that Northcutt is not entitled to summary judgment as a matter of law based upon the undisputed material facts of record.

The Trustee seeks summary judgment on Count I of his Complaint against Northcutt on the basis that the Assignment is void pursuant to 11 U.S.C. §544(a)(3) because the

Assignment was unrecorded.  The Trustee, as a bona fide purchaser without constructive notice of the Assignment, may avoid the Assignment pursuant to §544(a)(3).

Northcutt contends that he, not the Trustee, is entitled to summary judgment as a matter of law on the Trustee's Complaint.  Northcutt's basis for his summary judgment motion is that the statute of limitations for the Trustee to bring such an action bars the claims asserted in the Complaint.  Additionally, Northcutt contends that the Trustee failed to cite binding authority to support his avoidance claims.

The Court, after reviewing the legal memoranda of both parties, as well as conducting its own research, determines that the Trustee is entitled to partial summary judgment as a matter of law and Northcutt is not.

The trustee, pursuant to 11 U.S.C. §544(a)(3), has the status of a bona fide purchaser of real property and may avoid a transfer from the debtor, if a bona fide purchaser of real property could avoid it.  The trustee's right as a bona fide purchaser will not override state recording statutes and permit avoidance of any interest of which a trustee would have had constructive notice under state law.  *See*, 5 A. Resnick & H. Sommer, *Collier on Bankruptcy* ¶544.05 (16th ed. 2012).

Under Kentucky law, oil and gas leases constitute conveyances of an interest in real estate.  *In re KY USA Energy, Inc.*, 444 B.R. 734, 737 (Bankr. W.D. Ky. 2011), citing *Union Gas v. Wiedemann Oil Co.*, 211 Ky. 361, 277 S.W. 323 (1924).  Constructive notice of an interest in real property is provided by proper recording of a valid interest in the Clerk of the

County Court where the property is located. *M. I. & Bank, FSB v. Wilkey*, 347 B.R. 222, 226 (W.D. Ky. 2005). Constructive notice is the only way to defeat the Trustee's strong-arm powers. Recording of the instrument is necessary to give constructive notice to a purchaser for value and without actual notice. A document not recorded as required by law cannot be used as evidence against the claim of such a purchaser. <u>Id.</u> Here, Northcutt did not record the Assignment. Therefore, the Trustee had no constructive notice of the Assignment and pursuant to 11 U.S.C. §544(a)(3) may avoid it. Accordingly, the Trustee is entitled to partial summary judgment on Count I of his Complaint as a matter of law.

Northcutt's second basis for challenging the Trustee's Motion for Summary Judgment is that the statute of limitations applicable to avoidance actions set forth in 11 U.S.C. §546(a) bars the Trustee claim. The statute states, in pertinent part,

> An action or a proceeding under Section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of –
>
>> 1) the later of
>>
>>> A) two years after entry of the order for relief; or
>>>
>>> B) one year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202 or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in the said paragraph (A); or
>>
>> (2) the time the case is closed or dismissed.

In the case at bar, the Order for Relief was entered on September 8, 2010. The Order approving the Trustee's appointment was entered on June 10, 2011. The deadline of two years after entry of the Order for Relief was September 8, 2012.

The Trustee requested and received from the Court an extension to file avoidance actions until August 21, 2013. This Order was entered on August 21, 2012, prior to the two year deadline. Northcutt contends the Court was without authority to extend the deadline. This is incorrect. *See Thermoview Industries, Inc.*, 381 B.R. 225, 229 (Bankr. W.D. Ky. 2008). In any event, Northcutt did not pursue a timely appeal of that Order. The Order extending the deadline serves as the law of the case. *Id.*

This action was filed by the Trustee on December 5, 2012. Accordingly, the action was timely commenced. Northcutt's Objection to the Trustee's Motion for Partial Summary Judgment on the basis of the statute of limitation fails as a matter of law.

Northcutt's Cross-Motion for Summary Judgment is based solely on the statute of limitations argument raised in his response to the Trustee's Motion for Partial Summary Judgment. As stated above, it is without legal merit. Therefore, the Motion for Summary Judgment of Northcutt must be denied.

## **CONCLUSION**

For all of the above reasons, the Motion for Partial Summary Judgment on Count I of the Complaint filed by Robert W. Leasure, the Trustee in this Chapter 11 proceeding, is

-6-

**GRANTED**.  The Cross-Motion for Summary Judgment of Defendant Daniel Northcutt is

**DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge

Dated:  May 3, 2013

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

IN RE:

MAMMOTH RESOURCE PARTNERS, INC.                    CASE NO.: 10-11377(1)(11)

_____Debtor(s)_____

ROBERT W. LEASURE, AS TRUSTEE OF                   AP NO.: 12-01050
MAMMOTH RESOURCE PARTNERS, INC.,
MAMMOTH FIELD SERVICES, INC. AND
MAMMOTH RESOURCES, LLC

                        Plaintiffs

vs.

DANIEL R. NORTHCUTT

_____Defendant_____

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment on Count I of the Complaint of Plaintiff Robert W. Leasure, the Trustee in this Chapter 11 proceeding, be and hereby is, **GRANTED**.  The Trustee is entitled to

partial summary judgment on Count I of his Complaint as a matter of law pursuant to the

undisputed material facts.

       **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Cross-Motion for

Summary Judgment of Defendant Daniel Northcutt, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge

Dated:  May 3, 2013

-2-